IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTONIO MUNOZ,

                    Petitioner,

                                        CIVIL ACTION
            vs.                         No. 05-3413-SAC

STATE OF KANSAS, et al.,


                    Respondents.



                          ORDER


     This matter is before the court on a petition for habeas
corpus filed pursuant 28 U.S.C. 2254.  Petitioner proceeds pro
se.  He has submitted neither the $5.00 filing fee nor a
motion for leave to proceed in forma pauperis.

     Petitioner was convicted of aggravated battery in the
District Court of Shawnee County, Kansas, in 1992.  On July 1,
2005, the Kansas Court of Appeals dismissed his appeal from
the trial court's decision to revoke probation and impose a
prison sentence.  State v. Munoz, 114 P.3d 190 (Table)(Kan.
App. 2005).  Petitioner then commenced this action, in which

he claims "misrepresentation/lack of investigation"[1] and "lack of investigation & perjury of the victim & no jury." (Doc. 1, p. 7.)

The exhaustion doctrine requires a state prisoner to exhaust available state court remedies before filing a habeas corpus action in federal court. See Picard v. Connor, 404 U.S. 270, 275 (1971); 28 U.S.C. 2254(b). This doctrine requires a state prisoner to "fairly present[]" claims to the state courts before a federal court will examine them. Picard, 404 U.S. at 275, see also Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir. 1989)(discussing fair presentation requirement). Therefore, an applicant for habeas corpus relief must first present claims to the state courts before pursuing relief on the same claims in federal habeas corpus.

In this case, the first claim presented in the petition for habeas corpus appears to involve petitioner's access to hygiene supplies. A petition for habeas corpus attacks the

---

[1]

The full text of Ground 1 reads:
Misrepresentation/SSI/SDI/Hygiene Law K.S.A. 22-3429(a)care & treatment. IMPP 12-127 Issue of Inmate Hygiene Items (TRO) Temporary restraining order. Disability Act 28 U.S.C. 2254. In my ignorance of legal technicalities/punitive damages/mail civil right's as a prisoner & civil rights as drug user. (Doc. 1, p. 6.)

2

validity of a conviction or the duration of a prisoner's confinement and seeks the remedy of immediate or speedier release. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 489, 494 (1973). In contrast, a civil rights action for damages pursuant to 42 U.S.C. 1983 challenges a prisoner's conditions of confinement and typically seeks monetary damages. <u>Id</u>. at 499 & n. 14.

Petitioner's claim concerning access to hygiene supplies concerns his conditions of confinement and may be presented in an action filed pursuant to section 1983 following use of the administrative remedy procedure available to Kansas prisoners.

Next, while the petitioner's second claim alleging a failure to investigate, perjury, and the lack of a jury does appear to challenge the legality of his conviction, it does not appear that the petitioner has presented that claim to the state courts. Accordingly, the court will direct the petitioner to show cause why this matter should not be dismissed without prejudice to allow him to present the claims alleging perjury, failure to investigate, and the lack of a jury to the state courts.[2]

---

[2]

The court makes no finding on what state remedies are available to the petitioner. If, however, petitioner has procedurally defaulted these claims by failing to present

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted twenty (20) days to submit the $5.00 filing fee or a motion for leave to proceed in forma pauperis to the clerk of the court.

IT IS FURTHER ORDERED that within the same twenty (20) days, the petitioner shall show cause why this matter should not be dismissed without prejudice due to his failure to present his claims concerning a failure to investigate, perjury, and the absence of a jury to the state courts. The failure to file a timely response may result in the dismissal of this matter without prior notice to the petitioner.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 1st day of November, 2005.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge

---

them to the state courts in a timely manner, he may proceed in federal habeas corpus only if he shows cause and prejudice or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

4