IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTONIO MUNOZ,**

                      Petitioner,

        v.                                  CASE NO. 05-3413-SAC

**STATE OF KANSAS, et al.,**

                      Respondents.

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

Background

By an order entered on November 1, 2005 (Doc. 2), the court directed the petitioner to show cause why this matter should not be dismissed because the claims raised in the petition did not appear to have been raised in the state courts.

Petitioner filed a timely response (Doc. 4).  The response contains a photocopy of a civil rights complaint; a copy of a letter dated July 5, 2005, from the petitioner to the United States House of Representatives; a second civil rights complaint alleging the same claims as the petition; a motion for appointment of counsel captioned in the District Court of Butler

County, Kansas, and dated July 13, 2005; a blank summons form used in the state courts; a copy of petitioner's inmate program plan dated February 25, 2004; a copy of an inmate request to staff dated May 2005; program classification reviews dated October 2004, September 2004, July 2005, May 2005, May 2004, and March 2005; a motion to withdraw plea captioned in the District Court of Shawnee County, Kansas, dated July 2005; handwritten summaries of Internal Management Policy and Procedure (IMPP) statements dated October 2005; a handwritten document dated October 10, 2005, concerning conditions of confinement including hygiene supplies, classification, and programming; a letter dated November 2005, requesting a special contact visit; a letter from the Northeast Kansas Conflict Office to the petitioner dated November 19, 2003; a letter to the petitioner from the United States Department of Justice, Civil Rights Division dated June 2005; and two letters to the petitioner from a Topeka, Kansas, law firm dated December 10, 2004, and December 2, 2003.

## Discussion

A petition for habeas corpus is subject to an exhaustion requirement. "An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). This requirement is met if the claims have been presented to the state courts, including the state appellate

2

courts, either on direct appeal from the conviction or in a postconviction action.  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Because it does not appear the petitioner presented the claims in this habeas corpus action in the state courts, the court concludes this matter must be dismissed for failure to meet the exhaustion requirement.

Next, the materials submitted by the petitioner in response to the court's order to show cause include a civil rights complaint.  That complaint identifies the defendants as Judge Thomas Conklin and Judge Matthew Dowd of the Shawnee County District Court.  The court has examined that pleading and concludes that it is futile to liberally construe that item as a civil rights complaint because the defendants, as judges, have absolute immunity from the damages remedy sought by the petitioner.  Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990), cert. denied, 499 U.S. 976 (1991)("A judge acting in his judicial capacity is absolutely immune from civil rights suits unless the judge acts clearly without any colorable claim of jurisdiction.")

This decision will not foreclose petitioner from presenting a civil rights complaint concerning the conditions of his confinement; however, if petitioner wishes to proceed in such an action, he must first exhaust available administrative remedies

3

on all claims.  42 U.S.C. § 1997e(a).

IT IS, THEREFORE, BY THE COURT ORDERED the petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED the petition for habeas corpus is dismissed due to the petitioner's failure to exhaust state court remedies.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 16th day of February, 2006, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4